## Thomas J. Davis *versus* Shepard Sawtelle.

Though, in a suit by the indorsee of a note against the maker, the policy of the law may preclude the payee from testifying, as a witness for the defendant, that the note was invalid in its inception; yet, as to subsequent occurrences, he may give testimony of such facts as would defeat the note, or constitute a part of a chain of facts which would establish a defence.

Therefore, in such a suit, the Court will examine the deposition of such a witness, to find whether the facts, therein stated, are such as he could be allowed to testify.

In a suit by the indorsee, against the maker, upon a note, indorsed by the payee " without recourse," the payee is a competent witness for the defendant, to prove any facts which do not impeach the original validity of the note, and which do not impair the credit and character which, by his indorsement, he has given to it.

Assumpsit, on two notes of hand, dated Sept. 11, 1835, for

$200 each, made payable to Thomas Bradbury and Charles G. Bryant, or their order, in one and two years with interest annually. The notes were indorsed by said payees, " without recourse."

At the trial, before WELLS, J., the defendant offered in evidence the deposition of Thomas Bradbury, who was one of the payees and indorsers of said notes. The plaintiff objected to its admission, on the ground that the deponent was not competent to testify to facts showing the notes to be void at their inception.

The Court rejected the deposition, whereupon the defendant submitted to a default which is to stand, if the rejection of the deposition was correct. Otherwise, the default is to be taken off and the action to stand for trial.

The deposition stated the origin of the notes, which was such as the defendant contended made them invalid. It also stated among other things, that the notes were indorsed to the plaintiff; that a bond had been executed by the defendant to the plaintiff; and that the surrender of the bond was the consideration for the notes in suit. It also stated the existence of certain contracts between the witness and the plaintiff, and that the plaintiff knew what was the consideration of the notes.

*Jewett* and *Crosby*, for the plaintiff.

*Cutting* and *Hilliard*, for the defendant.

HOWARD, J. — It appears, by the report before us, that the plaintiff brought this suit, as indorsee, on two promissory notes signed by the defendant, dated September 11, 1835, for $200 each, and payable in one, and two years, respectively, to Thomas Bradbury and C. G. Bryant, or their order. Bradbury and Bryant indorsed the notes in blank, except that the words, " without recourse," were appended to each of their names.

The defendant pleaded the general issue, and offered in evidence the deposition of Thomas Bradbury, one of the payees; to the admission of which, the plaintiff objected, " on

the ground that the deponent was not competent to testify to facts showing the notes to be void at their inception."

The presiding Judge rejected the deposition and a default was entered, which, by agreement, is to stand, if that ruling was correct, or to be taken off, and the action to stand for trial, if the deposition is admissible.

The only question presented to us is, whether the deposition of Bradbury is admissible, as evidence in the case.

The maker of a note may call the payee, who indorses without recourse, and who, in other respects, is a competent witness, to prove any facts in defence which do not impeach the original validity of the note, and which do not impair the credit or character which he has given to it. But whether he can prove, further, by the same witness, that the note was void in its inception and that it was obtained for the indorsee, by his consent and procurement, through the agency of the witness, and with a knowledge of all the facts, are questions which are not presented by the report.

Bradbury might have been a competent witness for the defendant, to prove when the notes were indorsed to the plaintiff; the execution of the bond between the parties to this suit, and for the surrender of which the notes are alleged to have been given ; the execution of the contracts between the witness and the plaintiff, of August 19, and of September 11, 1835 ; to what amount notes were given for the surrender of the bond ; what disposition was made of them, and whether or not the plaintiff was present at the transaction. His deposition tended to prove these facts which appear to have constituted a part of the defence, and it was therefore admissible. But whether there are portions of it objectionable, and whether the whole, or any admissible portions of it, prove these notes void in their inception, are not questions submitted to us.

According to the agreement of the parties the default is to be taken off, and the case is to stand for trial.